**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bahig Saliba, <br><br> Plaintiff, <br> vs. <br><br> American Airlines Incorporated, et al., <br><br> Defendants. | No. CV-22-00738-PHX-SPL <br><br> **ORDER** |

Before the Court is Defendants' Motion to Dismiss (Doc. 16), in which they seek dismissal for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim. For the reasons that follow, the Motion will be granted.

**I.    BACKGROUND**

Pro se Plaintiff Bahig Saliba is an airline captain employed by Defendant American Airlines, Inc. ("American"). (Doc. 1 at 1). Defendant Chip Long is American's Senior Vice President of Flight, and Defendant Timothy Raynor is American's Director of Flight. (Doc. 1 at 1). On May 2, 2022, Plaintiff filed a Complaint against Defendants alleging claims arising out of American's company mask policy. (Doc. 1 at 1).

In response to the COVID-19 pandemic, President Biden issued an executive order requiring mask-wearing on certain modes of transportation. (Doc. 1 at 8). Pursuant to the executive order, the Transportation Security Administration ("TSA") issued security directives to airport and aircraft operators requiring mask-wearing subject to certain exemptions. (Doc. 1 at 7–8). American implemented a mask policy requiring pilots to

wear masks in certain locations, not including the flight deck. (Doc. 1 at 13–15). Plaintiff alleges that American's mask policy placed pilots at risk of having dangerously reduced oxygen levels. (Doc. 1 at 15). He alleges that American's mask policy "compelled pilots to submit to acts that potentially violated their medical certificates," which are required by the Federal Aviation Administration ("FAA") to be able to fly. (Doc. 1 at 5, 16).

Plaintiff's disagreement with federal and company mask policies came to a head on December 6, 2021. On that day, Plaintiff arrived at the Spokane International Airport to sign in for a duty shift for a flight to Dallas Fort Worth. (Doc. 1 at 17). Plaintiff was not wearing a mask, which he asserts was "in compliance with his medical certificate requirements" and an exemption in the TSA security directives for those for whom wearing a mask would pose a risk to workplace health or safety. (Doc. 1 at 9, 17). A TSA officer asked Plaintiff to wear a mask and when Plaintiff refused, he contacted airport police. (Doc. 1 at 17). The airport police eventually allowed Plaintiff to proceed through the airport to his scheduled flight, but the police notified American of the encounter. (Doc. 1 at 18). Upon arrival at Dallas Worth, Plaintiff was removed from flying status and placed on administrative leave pending a disciplinary hearing. (Doc. 1 at 18).

A disciplinary hearing was held on January 6, 2022. (Doc. 1 at 19). At the end of the hearing, Plaintiff was given a directive to follow company policy and the federal mask mandate, and the next day, Defendant Raynor issued a written notice that was placed in Plaintiff's employee file. (Doc. 1 at 21). Plaintiff alleges that the written advisory is "one step from termination" and that "[a]ny event involving a mask would be an immediate termination of his employment." (Doc. 1 at 21). Plaintiff elected to use sick leave instead. (Doc. 30 at 16).

After the federal mask mandate was vacated by a federal court on April 18, 2022, Plaintiff was prepared to return to work. (Doc. 1 at 22). Shortly thereafter, however, Plaintiff was placed on administrative leave with pay through May 2022 pending an evaluation of his fitness for duty. (Doc. 1 at 22). He then initiated this action.

///

## II. LEGAL STANDARDS

### a. Personal Jurisdiction

Federal Rule of Civil Procedure ("Rule") 12(b)(2) authorizes dismissal for lack of personal jurisdiction. When a defendant moves to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). When the motion is based on written materials rather than an evidentiary hearing, as here, the Court must determine "whether the plaintiff's pleadings and affidavits make a prima facie showing of personal jurisdiction." *Id.* (internal quotation marks omitted). Plaintiffs "cannot simply rest on the bare allegations of [their] complaint," but "uncontroverted allegations in the complaint must be taken as true." *Id.* (internal quotation marks and citation omitted).

### b. Subject Matter Jurisdiction

Rule 12(b)(1) "allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction." *Kinlichee v. United States*, 929 F. Supp. 2d 951, 954 (D. Ariz. 2013) (internal quotation marks omitted). "A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or the existence of subject matter jurisdiction in fact." *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006); *see also Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016). "When the motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Renteria*, 452 F. Supp. 2d at 919. "When the motion to dismiss is a factual attack on subject matter jurisdiction, however, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the existence of subject matter jurisdiction in fact." *Id.* "A plaintiff has the burden of proving that jurisdiction does in fact exist." *Id.*

### c. Failure to State a Claim

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference" that the moving party is liable. *Id.* Factual allegations in the complaint should be assumed true, and a court should then "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Facts should be viewed "in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013). A pro se complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

### III. DISCUSSION

It is difficult to identify the particular claims in Plaintiff's Complaint, but construing the Complaint liberally, the Court identifies the following causes of action against Defendants, supported by the briefing of the Motion: (1) violations of "aviation law" by superseding or contradicting FAA regulations, dispatching flights illegally, and placing pilots, flight attendants, and passengers in danger based on the company mask policy (Doc. 1 at 1–2, 12–16, 24); (2) hostile work environment based on Defendants' implementation of the policy (Doc. 1 at 2, 24); (3) defamation based on alleged implications during a disciplinary hearing that Plaintiff is a criminal (Doc. 1 at 2, 20, 24); (4) violation of the Joint Collective Bargaining Agreement ("JCBA") between the Allied Pilots Association ("APA") and American by refusing to provide Plaintiff certain documents, refusing to reschedule his disciplinary hearing, requiring him to submit to a "fitness for duty" assessment, and wrongfully disciplining him (Doc. 1 at 2, 19, 22, 24); and (5) violation of his rights pursuant to 42 U.S.C. § 1983 (Doc. 1 at 25).[1] The Court

---

[1] The Complaint makes a vague, conclusory reference to a "violat[ion] of a contract in existence between the plaintiff and [American]," (Doc. 1 at 2), but because

will address each cause of action in turn, but first, it will consider whether it has personal jurisdiction over Defendants Long and Raynor.

### a. Personal Jurisdiction

Initially, Defendants argue that this Court lacks personal jurisdiction over Defendants Long and Raynor. When no federal statute is applicable to govern personal jurisdiction, as is the case here, "the district court applies the law of the state in which the district court sits." *Id.* at 800. "Arizona's long-arm jurisdictional statute is co-extensive with federal due process requirements; therefore, the analysis of personal jurisdiction under Arizona law and federal due process is the same." *Biliack v. Paul Revere Life Ins. Co.*, 265 F. Supp. 3d 1003, 1007 (D. Ariz. 2017). For a court to exercise personal jurisdiction, federal due process requires that a defendant have "certain minimum contacts" with the forum state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945). Personal jurisdiction can be general or specific. *Biliack*, 265 F. Supp. 3d at 1007. Plaintiff's Response concedes that the Court lacks general personal jurisdiction over Defendants Long and Raynor. (Doc. 30 at 12).

The Ninth Circuit applies a three-prong test for specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

---

that is the only mention of a breach of contract and there are no other allegations that would support such a claim, the Court does not construe the Complaint to contain a breach of contract claim.

The Complaint also alleges that American "disadvantaged the plaintiff financially and created and placed him in an untenable position." (Doc. 1 at 2, 24). Even construing this allegation liberally, it is an allegation of Plaintiff's damages rather than its own cause of action.

*Schwarzenegger*, 374 F.3d at 802. Plaintiff bears the burden of establishing the first two prongs. *Id.* If Plaintiff satisfies them, the burden shifts to Defendant "to present a compelling case that the exercise of jurisdiction would not be reasonable." *Id.* (internal quotation marks omitted).

Regarding the first prong, Plaintiff argues that purposeful direction applies to Defendants Long and Raynor. "Purposeful direction requires that the defendant have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017) (internal quotation marks and alteration omitted). "An intentional act is one denoting an external manifestation of the actor's will[,] not including any of its results, even the most direct, immediate, and intended." *Id.* (internal quotation marks and alterations omitted). When considering whether a defendant's conduct is expressly aimed at the forum state, the Court must look at "contacts that the defendant *himself* creates with the forum" and "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 1143 (internal quotation marks omitted). "[R]andom, fortuitous, or attenuated contacts are insufficient to create the requisite connection with the forum." *Id.* at 1142 (internal quotation marks omitted).

Importantly, the Court can consider only facts set forth in Plaintiff's Complaint, as Plaintiff has not submitted any affidavits setting forth jurisdictional facts. *See Schwarzenegger*, 374 F.3d at 800. After a thorough review of the Complaint, the Court agrees with Defendants that the only relevant allegations found therein are (1) that "defendants conduct business and maintain contacts with the forum as Vice President of Operations and Director of Flight," (Doc. 1 at 3), and (2) that Defendant Raynor flew in to Arizona to conduct Plaintiff's disciplinary hearing, (Doc. 1 at 19). The first statement is conclusory and provides no factual support for Defendants' contacts with Arizona. *See NuCal Foods, Inc. v. Quality Egg LLC*, 887 F. Supp. 2d 977, 988 (E.D. Cal. 2012) ("[T]he court need not consider merely conclusory claims, or legal conclusions in the

6

complaint as establishing jurisdiction."). Thus, Plaintiff makes no showing that the Court has personal jurisdiction over Defendant Long, and the claims against him will be dismissed.

As to Defendant Raynor, however, his attendance at Plaintiff's disciplinary hearing suffices to give this Court personal jurisdiction. Defendant Raynor traveled to Arizona specifically for the hearing, and his statements and conduct at the hearing are grounds for Plaintiff's claims. Thus, he purposefully directed conduct towards Arizona, and Plaintiff's claims arise from the forum-related activities. Accordingly, Plaintiff has met his burden to establish that the Court has personal jurisdiction over Defendant Raynor.

### b. Violations of Aviation Law

Proceeding to the merits, Plaintiff first alleges broadly that "the defendants created and implemented a company mask policy that directly violated aviation law, superseded the [FAA regulations], dispatched flights illegally, and placed pilots, flight attendants and passengers alike in grave danger." (Doc. 1 at 1–2). Defendants argue that this claim must be dismissed on multiple grounds, including that there is no private right of action based on any of the regulations that Plaintiff cites. Plaintiff counters that there is an implied private right of action under the Federal Aviation Act (the "Act").

A claim must be dismissed for lack of subject matter jurisdiction if the law on which it is based does not create a private right of action. *See In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1229 (9th Cir. 2008). "[T]he Ninth Circuit has concluded, repeatedly and without equivocation, that [the Act] does not create a private right of action." *Shapiro v. Lundahl*, No. 16-cv-06444-MEJ, 2017 WL 895608, at *2 (N.D. Cal. Mar. 7, 2017) (citing *In re Mex. City Aircrash of Oct. 31, 1979*, 708 F.2d 400, 406–08 (9th Cir. 1983); *G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Servs., Inc.*, 958 F.2d 896, 901–02 (9th Cir. 1992); *Martin ex rel. Heckman v. Midwest Express Holdings, Inc.*, 555 F.3d 806, 808 (9th Cir. 2009)). The same is "particularly" true "where plaintiff's claim is grounded in the regulations rather than the statute itself." *G.S.*

7

*Rasmussen & Assocs.*, 958 F.2d 896 at 902. Accordingly, because there is no private right of action for violations of "aviation law," Plaintiff's claims on that basis will be dismissed for lack of subject matter jurisdiction.

### c. Hostile Work Environment

Plaintiff next alleges that Defendants created a hostile work environment. Defendants argue that the claim must be dismissed for several reasons, including that Plaintiff has failed to exhaust his administrative remedies. Under Title VII, "[a] hostile work environment is one where the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Ware v. NBC Nev. Merchs., Inc.*, 219 F. Supp. 3d 1040, 1051 (internal quotation marks omitted). In order to establish subject matter jurisdiction over a Title VII claim, however, a plaintiff must exhaust his administrative remedies "by filing a timely charge with the [Equal Employment Opportunity Commission], or the appropriate state agency." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002) (citing 42 U.S.C. § 2000e-5(b)). Here, Plaintiff does not allege that he filed an administrative charge. Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's hostile work environment claim.

### d. Defamation

Plaintiff's Complaint alleges that during his disciplinary hearing, "Captain Raynor used language such as 'shy of a mug shot or you being on a police blotter' as if the plaintiff is some sort of a criminal, defaming him in the presence of other [American] employees." (Doc. 1 at 20). Defendants argue that this does not suffice to give rise to a claim for defamation because the statements are privileged and are not defamatory. "Under Arizona law, a plaintiff asserting a claim for defamation must show (1) that the defendant made a false statement; (2) that the statement was published and communicated to someone other than the plaintiff; and (3) that the statement tends to harm plaintiff's reputation." *Prostrollo v. Scottsdale Healthcare Hosps.*, No. CV-17-

00409-PHX-DJH, 2018 WL 501414, at *4 (D. Ariz. Jan. 12, 2018) (citing *Godbehere v. Phx. Newspapers, Inc.*, 783 P.2d 781, 787 (Ariz. 1989)). A statement does not meet the first element if it is "not susceptible to proof of truth or falsity" and if it "cannot reasonably be interpreted as actual fact[ ]." *Turner v. Devlin*, 848 P.2d 286, 294 (Ariz. 1993).

First, Defendants argue that the alleged statements are privileged because they were made during a grievance proceeding. Indeed, "as a matter of law, statements that are made in grievance proceedings established by a [collective bargaining agreement] and are not published to persons lacking legitimate interests in them are privileged and may not support a state tort claim." *Hyles v. Mensing*, 849 F.2d 1213, 1217 (9th Cir. 1988). Here, Plaintiff makes no allegation that the allegedly defamatory statements were communicated to anyone other than American employees who had a legitimate interest in the proceedings, so they are privileged and cannot give rise to a defamation claim.

Second, Defendants argue that Defendant Raynor's statement was neither false nor negative, and thus, was not defamatory. The Complaint provides only a fragment of Defendant Raynor's statement, making it somewhat difficult to assess, but even that fragment makes clear that it is not a false statement that Plaintiff is a criminal because it conveys that the events were *shy of* a mug shot or inclusion on a police blotter. Thus, the statement cannot reasonably be interpreted as defamatory. Plaintiff's claim for defamation will be dismissed for failure to state a claim.

### e. Violations of the JCBA

Next, Plaintiff alleges that Defendants violated the JCBA by refusing to provide Plaintiff certain documents, refusing to reschedule his disciplinary hearing, requiring him to submit to a "fitness for duty" assessment, and wrongfully disciplining him. (Doc. 1 at 2, 19, 22, 24). Defendants argue that any claims involving the interpretation and application of the JCBA are preempted by the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq*. "The RLA, which was extended in 1936 to cover the airline industry, sets up a mandatory arbitral mechanism to handle disputes 'growing out of grievances or out of

the interpretation or application of agreements concerning rates of pay, rules, or working conditions.'" *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246 (1994). Courts lack jurisdiction over such disputes. *See Air Transp. Ass'n of Am. v. City & County of San Francisco*, 266 F.3d 1064, 1076 (9th Cir. 2001). On the other hand, "[c]laims or causes of action involving rights and obligations that are independent of the [collective bargaining agreement] are not preempted." *Id.*

It is plain that Plaintiff's claims fall in the former category and are preempted by the RLA. Plaintiff's claims amount to allegations that Defendants breached the JCBA by failing to abide by its provisions related to the disciplinary process and "fitness for duty" assessments. The Supreme Court has expressly held that such claims are preempted. *See Hawaiian Airlines, Inc.*, 512 U.S. at 257–58 (stating that an employee's claim is preempted by the RLA when it is "firmly rooted in a breach of the [collective bargaining agreement] itself"); *see also Beers v. S. Pac. Trasp. Co.*, 703 F.2d 425, 429 (finding claims involving disciplinary procedures covered by a collective bargaining agreement were preempted). Accordingly, Plaintiff's claims based on alleged violations of the JCBA will be dismissed for lack of subject matter jurisdiction.

### f. Violation of 42 U.S.C. § 1983

Finally, Plaintiff seeks judgment pursuant to 42 U.S.C. § 1983, although he does not clearly set forth a factual basis for that claim. (Doc. 1 at 25). Regardless, Defendants argue that the § 1983 claim must be dismissed because they are private actors. "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Still, Plaintiff argues that "defendants became state actors by coordinating and effectuating action taken by the police officers at the Spokane International Airport on December 6, 2021." (Doc. 30 at 9).

Plaintiff argues that each of the four tests used to identify state action applies in

this case: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (internal quotation marks omitted). First, the public function test applies only when a private entity is "endowed by the State with powers or functions" that are "both traditionally and exclusively governmental." *Id.* at 1093 (internal quotation marks omitted). Plaintiff appears to assert that Defendants exercised police power by conducting disciplinary hearings against him. (Doc. 30 at 11). Not so. A private employer's disciplinary proceedings against its employee are certainly not a traditional and exclusive government function.

Second, the joint action test applies "when the state knowingly accepts the benefits derived from unconstitutional behavior." *Kirtley*, 326 F.3d at 1093 (internal quotation marks omitted). Plaintiff does not identify any benefit that the police derived from Defendants' behavior—much less from any unconstitutional behavior.

Third, "[t]he compulsion test considers whether the coercive influence or 'significant encouragement' of the state effectively converts a private action into a government action." *Id.* at 1094. Plaintiff argues that "[t]he police at the Spokane International Airport not only acquiesced to the defendants in favor of an on-time departure of a flight commanded by the plaintiff, but also created sufficient contact with the defendants and offered assistance and encouragement in the persecution of the plaintiff." (Doc. 30 at 10). But the only allegation in the Complaint about contact between Defendants and the police is that "[t]he police immediately notified" American after the encounter with Plaintiff. (Doc. 1 at 18). Mere notification falls well short of coercive influence or significant encouragement.

Finally, the nexus test "asks whether there is such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself." *Kirtley*, 326 F.3d at 1094–95 (internal quotation marks omitted). Again, the fact that the police contacted American to notify Defendants of their encounter with Plaintiff is not nearly sufficient to turn American's resulting employee disciplinary

proceedings into a state action. Because Plaintiff has failed to plead that Defendants were acting under the color of state law, his § 1983 claim must be dismissed for failure to state a claim.

### IV.  CONCLUSION

In sum, Plaintiff's claims against Defendant Long are dismissed for lack of personal jurisdiction; his claims against the remaining Defendants for violations of aviation law, hostile work environment, and violations of the JCBA are dismissed for lack of subject matter jurisdiction; and his claims against the remaining Defendants for defamation and violation of § 1983 are dismissed for failure to state a claim. "A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal quotation marks omitted). Here, it is absolutely clear that Plaintiff cannot cure his claims based on aviation law (because the FAA does not give a private right of action) or the JCBA (because the RLA preempts claims for violations of the agreement), so they will be dismissed without leave to amend. As to the other claims, however, Plaintiff will be given the opportunity to file an amended complaint that cures the deficiencies state in this Order. Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 16) is **granted** as follows:

1. Plaintiff's claims against Defendant Long are **dismissed without prejudice** for lack of personal jurisdiction;
2. Plaintiffs' claims for violations of aviation law and the JCBA are **dismissed without prejudice** and **without leave to amend** for lack of subject matter jurisdiction; and
3. Plaintiff's hostile work environment, defamation, and § 1983 claims are **dismissed with leave to amend**.

///

///

1    **IT IS FURTHER ORDERED** that Plaintiff shall have until **October 10, 2022** to file an Amended Complaint. If Plaintiff does not file an Amended Complaint by October 10, 2022, the Clerk of Court must terminate this action.

Dated this 9th day of September, 2022.

                                                Honorable Steven P. Logan
                                                United States District Judge