**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bahig Saliba, | No. CV-22-00738-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| American Airlines Incorporated, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Reconsideration (Doc. 33). Plaintiff asks the Court to reconsider portions of its September 12, 2022 Order (Doc. 32) granting Defendants' Motion to Dismiss. For the following reasons, the Motion for Reconsideration will be denied.

**I.    BACKGROUND**

Pro se plaintiff Bahig Saliba is an airline captain employed by Defendant American Airlines, Inc. ("American"). (Doc. 1 at 1). Defendant Chip Long is American's Senior Vice President of Flight, and Defendant Timothy Raynor is American's Director of Flight. (Doc. 1 at 1). On May 2, 2022, Plaintiff filed a Complaint against Defendants alleging claims arising out of American's company mask policy. (Doc. 1 at 1).

On September 12, 2022, the Court issued an Order granting Defendants' Motion to Dismiss. (Doc. 32). First, the Court construed Plaintiff's Complaint as making five claims: (1) violations of "aviation law;" (2) hostile work environment; (3) defamation; (4) violation of the Joint Collective Bargaining Agreement ("JCBA") between the Allied

Pilots Association and American; and (5) violation of Plaintiff's rights pursuant to 42 U.S.C. § 1983. (Doc. 32 at 4). Then, the Court dismissed the claims against Defendant Long for lack of personal jurisdiction; dismissed the claims for violations of aviation law and the JCBA without prejudice and without leave to amend for lack of subject matter jurisdiction; and dismissed the hostile work environment, defamation, and § 1983 claims with leave to amend. (Doc. 32 at 12).

## II.  LEGAL STANDARD

Reconsideration is disfavored and "appropriate only in rare circumstances." *WildEarth Guardians v. U.S. Dep't of Just.*, 283 F. Supp. 3d 783, 795 n.11 (D. Ariz. June 21, 2017); *see also Bergdale v. Countrywide Bank FSB*, No. CV-12-8057-PCT-SMM, 2014 WL 12643162, at *2 (D. Ariz. May 23, 2014) ("[Reconsideration] motions should not be used for the purpose of asking a court to rethink what the court had already thought through-rightly or wrongly."). A motion for reconsideration is best used when the Court is "(1) presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "The motion to reconsider would be appropriate where, for example, the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension . . . . Such problems rarely arise and the motion to reconsider should be equally rare." *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) (internal citations omitted). Under LRCiv 7.2(g), "[n]o motion for reconsideration . . . may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order."

## III.  DISCUSSION

The Motion for Reconsideration asks the Court to reconsider three holdings in the September 12, 2022 Order: (1) that his claims under the JCBA are preempted by the Railway Labor Act ("RLA"); (2) that the Complaint could not be construed to contain a

breach of contract claim; and (3) that there is no private right of action for violations of "aviation law." The Court addresses these issues in turn.

### a. RLA Preemption of JCBA Claims

In the September 12, 2022 Order, the Court dismissed Plaintiff's claim "that Defendants violated the JCBA by refusing to provide Plaintiff certain documents, refusing to reschedule his disciplinary hearing, requiring him to submit to a 'fitness for duty' assessment, and wrongfully disciplining him" for lack of subject matter jurisdiction because it is preempted by the RLA. (Doc. 32 at 9–10). Plaintiff first contends that the Court erred because "Plaintiff has clearly identified a claim, a statutory right and obligation independent of the JCBA, that is of his FAA issued medical certificate and of his authority in making health decisions affecting said certificate under the law, neither of which is rooted in the JCBA by any stretch of the imagination." (Doc. 33 at 1–2; *see also id.* at 4 ("The Plaintiff merely narrated the events of the disciplinary actions taken by [American] but asserted claims outside the JCBA at all times."), 5 ("[T]he plaintiff in this case has clearly stated his claim for rights independent of the JCBA.")). Plaintiff did assert claims independent of the JCBA, as the Court recognized (Doc. 32 at 4), but claims outside the JCBA are, by definition, not within the scope of the claim that the Court dismissed as preempted by the RLA—"claims based on alleged violations of the JCBA." (Doc. 32 at 10). Rather, the Court dismissed Plaintiff's claims based on the Federal Aviation Act and associated regulations because those laws do not provide a private right of action, discussed *infra* Section III.c.

Plaintiffs contends that the Court further erred by "incorrectly inferr[ing]" that the JCBA contains "an agreement addressing health decisions pilots make." (Doc. 33 at 3). Plaintiff does not identify such an inference in the Court's Order, because the Court did not in fact make that inference. In fact, Plaintiff's Complaint alleged that "*in violation of the collective bargaining agreement* . . . [American] has demanded a 'fitness for duty' assessment." (Doc. 1 at 24 (emphasis added)). Thus, whether American's demand for a "fitness for duty" assessment violated the JCBA would require interpretation and

application of the agreement, which falls under the RLA's mandatory arbitral mechanism. *See Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 248 (1994).

Finally, Plaintiff contends that the RLA's arbitration mechanism will create "an impassable situation delaying the delivery of justice" and that resolution of this case will be "improbable and futile." (Doc. 33 at 4, 6). Not only is this an improper argument to advance for the first time on a motion for reconsideration, but Plaintiff offers no support for his assertions and regardless, the Court has no discretion to disregard the RLA. *See Hawaiian Airlines, Inc.*, 512 U.S. at 252–53. In sum, there are no grounds for the Court to reconsider its dismissal of Plaintiff's claims for violations of the JCBA.

### b. Breach of Contract

The Court wrote in a footnote in its September 12, 2022 Order that "[t]he Complaint makes a vague, conclusory reference to a 'violat[ion] of a contract in existence between the plaintiff and [American],' (Doc. 1 at 2), but because that is the only mention of a breach of contract and there are no other allegations that would support such a claim, the Court does not construe the Complaint to contain a breach of contract claim." (Doc. 32 at 4–5 n. 1). In the Motion for Reconsideration, Plaintiff provides additional details about the employment contract and why he believes Defendants breached it. But Plaintiff's failure to provide sufficient detail in the Complaint for the Court to even identify a breach of contract claim is not a circumstance that calls for reconsideration. Rather, Plaintiff has the opportunity to more clearly set forth a breach of contract claim in an Amended Complaint.[1]

### c. Private Right of Action for Aviation Law Violations

The Court dismissed Plaintiff's aviation law claims because there is no private right of action under the Federal Aviation Act (the "Act") or its associated regulations. (Doc. 32 at 7–8). Plaintiff correctly recognizes that "this Court based its decision on the Ninth Circuit rulings." (Doc. 33 at 8; *see* Doc. 32 at 7 ("The Ninth Circuit has concluded,

---

[1] The Court expresses no view on whether the facts set forth in Plaintiff's Motion for Reconsideration would be sufficient to state a breach of contract claim.

4

repeatedly and without equivocation, that the Act does not create a private right of action." (quoting *Shapiro v. Lundahl*, No. 16-cv-06444-MEJ, 2017 WL 895608, at *2 (N.D. Cal. Mar. 7, 2017) and listing Ninth Circuit cases))). Plaintiff nonetheless asserts that "there is a chance the Ninth Circuit may very well alter course in this case." (Doc. 33 at 8). It is not for this Court to speculate as to whether the Ninth Circuit might overrule a prior holding on appeal; rather, the Court is bound by existing Ninth Circuit precedent. *See Hart v. Massanari*, 266 F.3d 1155, 1175 (9th Cir. 2001). The Court finds no clear error in its dismissal of Plaintiff's aviation law claims.

### IV.   CONCLUSION

In sum, there are no grounds for the Court to reconsider its September 12, 2022 Order. As a final matter, Plaintiff offers to participate in a hearing or conference where he can "clarify to the Court the intent of the complaint." (Doc. 33 at 9). There are likewise no grounds for holding such a hearing; Plaintiff may clarify his claims by filing an Amended Complaint, with the exception of the two claims dismissed without leave to amend.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 33) is **denied**.

**IT IS FURTHER ORDERED** that the October 10, 2022 deadline for Plaintiff to file an Amended Complaint remains in effect (Doc. 32).

Dated this 30th day of September, 2022.

Honorable Steven P. Logan
United States District Judge

5